IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRANSPORT TRUCK AND TRAILER, et al., | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV-06-282-S-BLW |
| Plaintiffs, | | **MEMORANDUM DECISION AND ORDER** |
| v. | | |
| FREIGHTLINER LLC, et al., | | |
| Defendants. | | |

## INTRODUCTION

The Court has before it a motion for protective order filed by Freightliner. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part and preclude inquiry during discovery into certain areas, but deny the motion to the extent it seeks to foreclose any broader inquiry.

## FACTUAL BACKGROUND

Plaintiff Transport Truck and Trailer (TTT) is a franchised dealer of trucks and tractors for manufacturer Freightliner. In 2004, Freightliner notified TTT that the franchise would be terminated. TTT filed a protest with the Idaho Transportation Department (ITD). An administrative hearing was held before

**Memorandum Decision and Order – Page 1**

Hearing Officer Michael Gilmore, who heard testimony and issued detailed findings of fact along with a recommendation to the ITD Director.

Hearing Officer Gilmore recommended that the Director allow the termination.  He found that the termination was justified by TTT's failure to (1) have financing, (2) reach reasonable sales levels, and (3) maintain reasonable inventories of new vehicles.  *See Findings of Fact* at p. 25.  He also found that Freightliner did not act in bad faith by (1) refusing TTT's application to have Idaho Freightliner take over the Freightliner dealership; (2) insisting that TTT submit financial information; and (3) preventing TTT from obtaining a floor plan.  The Director adopted these findings and denied TTT's protest.  *See Exhibit C to Affidavit of Christiansen*.

TTT responded by filing this suit challenging Freightliner's termination of the franchise.  In a prior decision, this Court held that the ITD decision adopting Hearing Officer Gilmore's findings is entitled to preclusive effect here.  Freightliner now seeks to apply that ruling to a discovery dispute, and has filed a motion for protective order.

## ANALYSIS

This dispute arose after TTT noticed the depositions of Freightliner executives.  Freightliner seeks a protective order limiting the scope of TTT's

**Memorandum Decision and Order – Page 2**

inquiry at those depositions. Specifically, Freightliner seeks to preclude TTT from questioning its executives on their alleged bad faith treatment of TTT, except for three areas that would be open to inquiry:  (1) The authorization of the Travel Center of America Truck Stop as a TTT competitor; (2) TTT's claim that Freightliner scared off potential purchasers of the dealership in 2004; and (3) TTT's claim that Freightliner acted in bad faith in its conduct surrounding the opening of a new Nampa dealership.

Freightliner argues that all other areas of inquiry concerning Freightliner's bad faith are precluded by the ITD decision, which resolved the specific instances of alleged bad faith in Freightliner's favor.  TTT responds that it does not intend to inquire "as to any specific areas found by the [ITD] in its Findings of Fact and Conclusions of Law to have not been undertaken in bad faith." *See Simmons Affidavit* at p. 3.

That concession does not satisfy Freightliner, however.  Freightliner argues that the preclusive effect of the ITD decision should extend to all bad faith claims raised by TTT in the ITD hearings even if not expressly resolved by the ITD. Freightliner argues that TTT raised many more instances of bad faith than the ITD expressly cited, and that the Court must infer that all those instances were rejected by the ITD's ultimate decision finding no bad faith.

**Memorandum Decision and Order – Page 3**

The Court's prior decision did not purport to be exhaustive in listing the ITD rulings that would be given preclusive effect. Indeed, the Court was not asked to do so. The Court did note generally that TTT was precluded from litigating any claim that Freightliner acted in bad faith when it (1) refused TTT's application to have Idaho Freightliner take over the Freightliner dealership, (2) insisted that TTT submit more financial information, and (3) prevented TTT from obtaining a floor plan.

While that list covers some general areas, Hearing Officer Gilmore's decision also resolved more detailed issues that are similarly entitled to preclusive effect here. For example, he resolved TTT's claims that Freightliner (1) overstocked TTT with inventory, causing it to lose its floor plan, (2) halted its termination of TTT in 2001 when it learned that it might be responsible for the overstock, (3) stopped sending sales assistance to TTT, and (4) undermined TTT by the conduct of Treasurer Kelley Pratt who sent e-mails to the CEO regarding consignment policies, alerted CitiCorp to the sale of assets by Howell, and allegedly torpedoed TTT's application for a floor plan.

The Court will not attempt to list all of Hearing Officer Gilmore's findings. Counsel can read them as well as the Court. All of his findings are off-limits for discovery, and TTT has indicated through its affidavit of counsel that it will not be

**Memorandum Decision and Order – Page 4**

inquiring into those areas.

However, areas not covered by Hearing Officer Gilmore are fair game for deposition inquiry. These areas would include: (1) The authorization of the Travel Center of America Truck Stop as a TTT competitor; (2) TTT's claim that Freightliner scared off potential purchasers of the dealership in 2004; and (3) TTT's claim that Freightliner acted in bad faith in its conduct surrounding the opening of a new Nampa dealership.

Freightliner seeks to limit inquiry into these three areas. The Court will deny that part of the motion. Rule 26 allows discovery into any non-privileged area reasonably calculated to lead to the discovery of admissible evidence of bad faith. So long as TTT is not inquiring into areas resolved by Hearing Officer Gilmore, the standard broad discovery provisions of Rule 26 apply.

Freightliner's briefing argues that TTT raised many bad faith claims to Hearing Officer Gilmore that were never expressly resolved by him, and Freightliner argues that those areas should be off-limits as well. Freightliner provided TTT's administrative briefing and proposed Findings and Conclusions in support of this argument. Those pleadings show, however, that Hearing Office Gilmore was remarkably comprehensive in his decision. It appears that he

**Memorandum Decision and Order – Page 5**

addressed each and every one of TTT's allegations.[1]  Thus, Hearing Officer Gilmore's decision is an excellent road-map for determining what is precluded from this law suit, and the Court need not stray outside that decision to hunt down matters raised but not resolved.

For these reasons, the Court will grant Freightliner's motion only in part. The Court will preclude inquiry during the depositions into any area resolved by Hearing Officer Gilmore.  Those areas are listed in part above.  All other areas bearing on bad faith are fair game for inquiry.  The motion seeks to limit inquiry into three specific areas – quoted above – and it will be denied in that regard. Inquiry may be made into any non-privileged area reasonably calculated to lead to the discovery of admissible evidence of bad faith, other than those issues resolved by Hearing Officer Gilmore.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order (Docket No. 97) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to preclude inquiry during discovery into

---

[1] Freightliner has not pointed to any specific argument raised by TTT in its submissions but not resolved by Hearing Officer Gilmore.

**Memorandum Decision and Order – Page 6**

any area of bad faith that has been resolved by Hearing Office Gilmore. It is denied in all other respects. Inquiry may be made into any non-privileged area reasonably calculated to lead to the discovery of admissible evidence of bad faith, other than those issues resolved by Hearing Officer Gilmore.

DATED: **February 15, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 7**