IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TRANSPORT TRUCK & TRAILER, )
INC.,                      )
                           )      Case No. CV-06-282-S-BLW
        Plaintiff,         )
                           )      **MEMORANDUM DECISION**
    v.                     )      **AND ORDER**
                           )
FREIGHTLINER LLC,          )
                           )
        Defendant.         )
_____ )

The Court has before it Freightliner Inc.'s ("Freightliner") Petition for

Allowance of Statutory Attorneys' Fees (Docket No. 153), Transport Truck &

Trailer, Inc.'s ("TTT") Petition for Allowance of Attorneys' Fees (Docket No.

158), and TTT's Petition for Taxation of Costs (Docket No. 160).

## ANALYSIS

Idaho law governs the award of attorney fees in this matter. *Champion*

*Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003).

Pursuant to Idaho Code § 12-120(3), the prevailing party in a contract dispute is

entitled to a reasonable attorney fee to be set by the Court.  Determination of

whether a party is the prevailing party is committed to the discretion of the trial

court. *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho 2000); see also I.R.C.P.

**Memorandum Decision and Order - 1**

54(d)(1)(B).

In Idaho, governing legal standards on the prevailing party issue are provided by I.R.C.P. 54(d)(1)(B).  "[T]here are three principal factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *Id.*  The court in its discretion may determine that a party prevailed in part and did not prevail in part, and may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.  *Nguyen v. Bui,* 191 P.3d 1107, 1112 (Idaho App. 2008); *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.,* 117 P.3d 130, 133 (Idaho 2005).  Moreover, of particular relevance here is the Idaho Supreme Court's observation that "[i]n determining which party prevailed in an action where there are claims and counterclaims between opposing parties, the court determines who prevailed 'in the action.'  That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch,* 117 P.3d at (Idaho 2005).

In this case, it is particularly noteworthy that TTT asserted multi-million

**Memorandum Decision and Order - 2**

dollar claims against Freightliner, and Freightliner asserted multi-million dollar

counterclaims against TTT and TTT's President, Willard Howell.  Although the

damages sought by TTT were approximately twice that sought by Freightliner

(approximately $6-7 million[1] vs. $3+ million), both damages requests were

substantial.

In the end, the Court granted summary judgment in favor of each party by

dismissing the opposing party's claims and dismissing the case in its entirety.  "In

litigation, avoiding liability is as good for a defendant as winning a money

judgment is for a plaintiff."  *Id.*  Under these circumstances, the Court finds that

based on an overall view of the case, no party prevailed "in the action."  *Id.*  Each

party prevented a potentially substantial judgment.[2] Accordingly, the Court will

---

[1] TTT contends that Freightliner's fees related to the tortious interference claims should
not be included in the potential award because they are not related to a commercial transaction.
Even assuming, without deciding, that they are not related to a commercial transaction, the lion's
share of TTT's claimed damages nevertheless relate to the commercial transaction.  TTT's
expert, Peter Butler, claimed that $6.2 Million of the damages resulted from the loss of value of
TTT's "intangible assets."  Mr. Butler stated that but for the alleged wrongdoing of Freightliner,
TTT could have conservatively sold the intangible assets of its Freightliner business for
approximately $6.2 million around the time of its termination." (Butler Opinion 3; Simmons Aff.
Ex. A [Docket 175-3 at p. 31]).

[2] The Court notes that had this case resolved itself with the opposite outcome – meaning
both parties won their respective multi-million dollar claims, the attorney fees outcome *may* have
been different because a $6-7 million judgment outweighs a $3 million judgment. However, an
exact monetary comparison is much more difficult when neither party received money damages
because it is impossible to place a precise dollar amount on the claims based on allegations.
Here, in essence, Freightliner won the right to terminate TTT's franchise, but lost the right to
collect the damages it sought. In a business sense, that may seem like the more important issue,
but it is simply impossible to tease out how much more important the termination issue was from

**Memorandum Decision and Order - 3**

deny both petitions for attorneys fees.[3]  This same analysis will govern TTT's

request for costs, which the Court will also deny.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Freightliner's Petition

for Allowance of Statutory Attorneys' Fees (Docket No. 153) shall be, and the

same is hereby, DENIED.

IT IS FURTHER ORDERED that TTT's Petition for Allowance of

Attorneys' Fees (Docket No. 158) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that TTT's Petition for Taxation of Costs

---

any damages issue. Thus, the Court is left with a comparison of defeated substantial claims by
both parties, resulting in a wash.

[3] TTT also requests fees pursuant to Idaho Code § 12-121 because Freightliner
voluntarily dismissed its counterclaim, which sought a court order compelling TTT to deliver
proceeds for the sale of collateral.  TTT suggests that the claim was therefore frivolous.  A
decision to dismiss a claim does not mean that the claim was frivolous for purposes of awarding
attorney fees.  *Chenery v. Agri-Lines Corp.*, 682 P.2d 640, 645 (Idaho App. 1984). Without
more, the request fails.

**Memorandum Decision and Order - 4**

(Docket No. 160) shall be, and the same is hereby, DENIED.



DATED:  **January 30, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**